25557. DAVIDSON v. FIRST NATIONAL BANK & TRUST COMPANY IN MACON, Executor, et al.

ARGUED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970.

*Melton, McKenna & House, Carl E. Lancaster, Jr.,* for appellant.

*Durward B. Mercer, W. Horace Vandiver, Jones, Cork, Miller & Benton, Tom K. Smith,* for appellees.

MOBLEY, Presiding Justice. The First National Bank & Trust Company in Macon, as executor and trustee of the estate of Rufus Loyd Davidson, petitioned the Superior Court of Bibb County for direction in connection with the trust set up by the will. Mrs. Dorothy R. Davidson, widow of the testator, appeals from the order construing the will.

The will devised certain personal property in fee simple, and bequeathed a farm to the testator's widow and stepdaughter so long as they lived and remained unmarried. The residue of the estate was placed in trust. The first use of the trust was in Item 5-b, as follows: "My trustee shall pay to my wife, Mrs. Dorothy R. Davidson, so long as she lives and remains unmarried, the sum of $200 per month." Items 5-d, 5-e, and 5-f provide for a division of the profits of the testator's business, Dixie Bag Company, between his sons, Robert Lee Davidson and Hugh

Parker Davidson. Item 5-h provides for the liquidation of the business if it should lose money for a specified time.

Item 5-i provides: "In the event the said business is liquidated, my trustee shall rent the property out, and pay the net income therefrom to my wife, Mrs. Dorothy R. Davidson, my son, Robert Lee Davidson, and my son, Hugh Parker Davidson, share and share alike. In the event the business is liquidated, the sums paid over to my wife, Mrs. Dorothy R. Davidson, under this provision shall be in lieu of the provisions for her as set forth in Item 5-b above, and my trustee shall use so much of the principal as is necessary to make her share equal the sum of $200 per month."

Item 5-k provides: "At the death or remarriage of my wife, Mrs. Dorothy R. Davidson, and when my son, Hugh Parker Davidson reaches his thirty-fifth birthday, whichever event comes last, and when the business and estate has been liquidated, the trustee shall pay over to each of my sons, Robert Lee Davidson, and son, Hugh Parker Davidson, $\frac{1}{6}$ of the amount of this trust on hand; 5 years from the date of the first payment, each shall receive $\frac{1}{4}$ of the balance of the trust; and 10 years from the first payment each shall receive $\frac{1}{2}$ of the balance of this trust."

Item 5-l provides that should either of his sons, Robert Lee Davidson and Hugh Parker Davidson, die before receiving their full share of his estate, then their children shall receive their deceased father's share per stirpes. Item 5-m provides: "The payments to my wife as set forth in Item 5-b above shall be paid from the profits of the business only, and not from the corpus or principal of the estate; this sum shall constitute a charge upon the first profits of the business, and shall be paid before computing the net profit for distribution under Items 5-d, 5-e, or 5-f, as set forth above."

The trustee alleged: The business known as Dixie Bag Company lost money, and before the provisions in the will for liquidation of the business were met, substantial sums were lost. This resulted in the necessity of selling the real estate on which the business was operated to meet the obligations incurred by the business. The will did not provide for this eventuality.

The trustee paid to Mrs. Davidson, the widow, the sum of $200 per month either from the business or the estate in trust from the testator's death through June, 1966. Since no provision was made in the will for the facts now existing, no payments have been made to her since that time.

The order of the trial judge recited that: No extrinsic evidence of the testator's intent was presented or considered. The duly appointed trustee in the performance of its duties, and under the provisions of the will and the trust established therein, incorporated the business known as Dixie Bag Company and transferred all of the assets of the business, including the real estate on which the business was operating, to the corporation, and continued to operate the business until it became necessary to cease operation under the directions contained in the will. It was necessary for the corporation to sell the real estate belonging to it to pay the debts of the business. The trustee does not now own either the business, or the real estate of the business referred to in Item 5-h of the will, and the only remaining assets belonging to the trustee are the following: cash, securities, and a Federal Savings and Loan account in the total approximate amount of $33,000; a fee simple interest in a vacant lot in the Town of Danville; a remainder interest in a farm; and a remainder interest in a home occupied by Mrs. Maude B. Davidson, former wife of the testator, as life tenant. The former wife and the widow are both living and neither has remarried.

The court found that the provisions of Item 5-i of the will, providing that if the business should be liquidated, the trustee should rent the property, and pay the income to the widow and the two sons hereinbefore named, did not become operative because the property was sold rather than rented; and that the provisions of 5-m declare that the life estate given to the widow is only in the profits of the business. The court ordered that the trustee make no additional payments of $200 per month to the widow, that the principal, accumulated income, and other assets of the trust estate be divided equally between the widow and the sons, Hugh Parker Davidson and Robert Lee Davidson, free of the trust, and that the trustee be relieved of all further responsibility.

The terms of the will do not authorize this disposition of the trust estate. There is no provision of the will for the division of the corpus of the trust property between the widow and two of the sons of the testator. The order of the trial court dividing the trust property was apparently not made under the theory that the provisions of the will in regard to the trust estate had failed, leaving an intestacy as to the trust property, since it appears from the will and the record in the case that there is another son of the testator who would share as heir at law.

The only provision of the will for terminating the trust is in Item 5-k, which directs that no division shall be made until the widow dies or remarries. In either of these events, her interest in the trust property ceases. Item 5-l provides that if either of the sons between whom the trust estate is to be divided should die before receiving his full share, his children shall receive their father's share. Thus any premature distribution of the trust estate might defeat the possible right of these children to receive the share of their father.

Item 5-b provides for the payment of $200 per month to the testator's widow so long as she lives and remains unmarried. Since the business has been liquidated, the provision of 5-m that the payments shall be from the profits of the business only has become inoperative. The only expression of intent concerning the liquidation of the business is in 5-i. The testator did not contemplate that it would be necessary to sell the business property in the event of liquidation, and he attempted to provide an income for his widow and two of his sons from the rental of the business property. Item 5-i shows his intention that in any event his widow shall receive $200 per month from the trust property, since it provides that, if the rental income does not amount to $200 per month, the trustee shall use the principal of the trust to pay her this amount.

Considering the will as a whole, we think it demands the construction that it was the intention of the testator that his widow should receive an income of $200 per month from the trust estate in the event of the liquidation of the business, and that this income should continue until her death or remarriage. Since the expected rental income failed, there is no source from

which this income can be paid except the remaining trust property, and the income therefrom.

The order of the trial judge is reversed, except for the first paragraph which relieved the trustee of any responsibility for the payment of taxes and insurance on property occupied by the former wife of the testator under a divorce settlement, under the agreement of all parties. The following direction is given: that the trial court instruct the trustee to pay to the widow (the appellant here), from the principal and income of the trust estate, an amount equivalent to $200 per month from the time the payments were stopped until the order is entered making the judgment of this court the judgment of the trial court; that thereafter payments of $200 per month be made by the trustee to the widow until her death or remarriage, unless the estate is sooner exhausted. No payments to the sons of income from the estate are authorized, since the business has been liquidated, and there is no rental income. Should any property remain in the estate at the time of the remarriage or death of the widow, the residue of the trust estate will be distributed in accordance with Items 5-k and 5-l of the will.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*